(90 South. 639)

No. 23364.

**MOON et al. v. DYE et al.**

(Jan. 2, 1922. Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

Executors and administrators ⬡⟿221(3)—Succession; parol testimony of indebtedness of deceased son of decedent held inadmissible 12 years after his death.

In a suit against coheirs for partition of property of a succession and to compel the coheirs to collate certain sums of money received by the father of the coheirs from the decedent, parol evidence was inadmissible 12 years after the death of such son of the decedent to show the alleged indebtedness, under Act No. 207 of 1906; there being no written evidence thereof.

Appeal from Fourth Judicial District Court, Parish of Lincoln; J. B. Crow, Judge.

Action by Mrs. Willie R. Moon and husband against G. W. Dye and others. From an adverse judgment, plaintiffs appeal. Affirmed.

W. U. Richardson, of Arcadia, for appellants.

H. B. Warren, of Ruston, for appellees.

BAKER, J. In February, 1918, Mrs. Nancy E. Dye died intestate in Lincoln parish, leaving as heirs the plaintiff Mrs. Willie R. Moon and other children of full age and the following grandchildren: Lamar R. Dye, a major, and Charles Dye, Avis Dye, and Dorris Dye, all minors, the children of J. T. Dye, a deceased son of the said Mrs. Nancy E. Dye.

Mrs. Nancy E. Dye left a succession consisting of real estate, situated in Lincoln

parish, of the value of $1,800, and personal property estimated at about $400, including certain claims due her succession.

The plaintiff has instituted this suit against her coheirs, including said minors, represented by their natural tutrix, Mrs. Addie Dye, widow of J. T. Dye, deceased, for the purpose of effecting a partition of the property of said succession and compelling her coheirs to collate certain sums of money alleged to have been received by them.

The plaintiff alleges that said minors, as the legal representatives of the said J. T. Dye, deceased, owe a collation of $1,000· to the succession, of her mother, Mrs. Nancy E. Dye, received from her in advance by J. T. Dye, their late father.

The judgment of the lower court rejected the demand of plaintiff against Lamar R. Dye and said minors for the collation of $1,000, and plaintiff has appealed.

J. T. Dye died during the latter part of the year 1906. This suit was filed March 27, 1918, or nearly 12 years after his death. Plaintiff produced no written evidence of the indebtedness alleged to be due by Dye to the succession of his mother, but relied entirely upon oral testimony. Objection was made that Act 207 of 1906 was a bar to the introduction of parol proof to establish the claim sued on. Act 207 of 1906 provides that—

"Parol evidence shall be incompetent to prove any debt or liability upon the part of a party deceased, except it consist of the testimony of at least one credible witness of good moral character besides the plaintiff; or except it be to corroborate a written acknowledgment or promise to pay signed by the debtor; or unless an action upon the asserted indebtedness shall have been brought within a delay of twelve months after the decease of the debtor."

In construing this act the court said in the case of the Succession of Manion, 148 La. 98, 86 South. 667:

"We must hold that, if the claim has not been asserted, or the action brought, within the delay of twelve months, parol evidence is incompetent, even though it be the testimony of a credible witness of good moral character besides the plaintiff, or be offered to corroborate a written acknowledgment or promise to pay signed by the deceased. * * *

"In this case, no action was brought on the asserted indebtedness within the year. Therefore parol evidence was incompetent, even though it was the testimony of a credible witness of good moral character, other than the plaintiff or claimant, and even though its purpose was to corroborate what purported to be a written acknowledgment * * * by the deceased."

As nearly 12 years has elapsed between the decease of J. T. Dye and the commencement of this action, parol evidence was inadmissible and incompetent to prove the debt or liability upon his part.

For the reasons assigned, the judgment appealed from is affirmed.